

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Earl B. Stimson
County Attorney
Rockwall County
Rockwall, Texas

Dear Sir:

Opinion No. 0-2071
Re: Can the County Attorney deduct
the $200.00 earned and collected
by the Assistant County Attorney
in December, 1939, as salary
paid to an assistant?

This will acknowledge receipt of your letter of March 11, 1940, requesting an opinion of this department on the above stated question.

We quote from your letter as follows:

"Honorable H. M. Wade was county attorney of Rockwall County during 1939. On December 1, 1939 he left for Washington to enter the F.B.I. At such time he appointed me as his assistant. The appointment was confirmed by the commissioners court. We agreed that I was to have all of the fees which the office earned during the time I acted as his assistant. The office earned over three thousand dollars during 1939. I earned and collected about two hundred dollars during the month of December. In your opinion, can Mr. Wade deduct this amount as salary paid to an assistant?"

The County Attorney in Rockwall County performs the duties of county attorney and district attorney and is compensated on a fee basis. The population of Rockwall County, according to the last Federal census is seven thousand six hundred and fifty eight (7,658) inhabitants.

Honorable Earl B. Stimson, Page 2


Article 331, Vernon's Annotated Civil Statutes, reads as follows:

"County attorneys, by consent of the commissioners court, shall have power to appoint in writing one or more assistants, not to exceed three, for their respective counties who shall have the same powers, authority and qualifications as their principals, at whose will they shall hold office. Before entering on the duties of their offices, they shall each take the official oath which shall be indorsed upon their appointment, which oaths and appointments shall be recorded and deposited in the county clerk's office."

Article 3891, Vernon's Annotated Civil Statutes, as amended, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400).

"* * * *

"The compensations, limitations and maxi-

mums herein fixed in this Act for officers
shall include and apply to all officers
mentioned herein in each and every county
of this State, and it is hereby declared
to be the intention of the Legislature that
the provisions of this Act shall apply to
each of said officers, and any special or
general law inconsistent with the provisions
hereof is hereby expressly repealed in so
far as the same may be inconsistent with
this Act.

"The compensation, limitations and maxi-
mums herein fixed shall also apply to all
fees and compensation whatsoever collected
by said officers in their official capacity,
whether accountable as fees of office under
the present law, and any law, general or
special, to the contrary is hereby expressly
repealed. The only kind and character of
compensation exempt from the provisions of
this Act shall be rewards received by Sheriffs
for apprehension of criminals or fugitives
from justice and for the recovery of stolen
property, and moneys received by County Judges
and Justices of the Peace for performing mar-
riage ceremonies, which sum shall not be ac-
countable for and not required to be reported
as fees of office."

Article 3902, Vernon's Annotated Civil Statutes,
reads in part as follows:

"Whenever any district, county or precinct
officer shall require the services of deputies,
assistants or clerks in the performance of his
duties he shall apply to the County Commis-
sioners' Court of his county for authority to
appoint such deputies, assistants or clerks,
stating by sworn application the number needed,
the position to be filled and the amount to be
paid. Said application shall be accompanied
by a statement showing the probable receipts
from fees, commissions and compensation to be
collected by said office during the fiscal year
and the probable disbursements which shall in-
clude all salaries and expenses of said office,

Honorable Earl B. Stimson, Page 4

and said court shall make its order authoriz-
ing the appointment of such deputies, assist-
ants and clerks and fix the compensation to be
paid them within the limitations herein pre-
scribed and determine the number to be ap-
pointed as in the discretion of said Court
may be proper; provided that in no case shall
the Commissioner's Court or any member there-
of attempt to influence the appointment of
any person as deputy, assistant or clerk in
any office. Upon the entry of such order the
officers applying for such assistants, depu-
ties or clerks shall be authorized to appoint
them; provided that said compensation shall
not exceed the maximum amount hereinafter set
out. The compensation which may be allowed
to the deputies, assistants or clerks above
named for their services shall be a reasonable
one, not to exceed the following amounts:

"1. In counties having a population of
twenty-five thousand (25,000) or less inhabit-
ants, first assistant or chief deputy not to
exceed Eighteen Hundred ($1800.00) Dollars per
annum; other assistants, deputies or clerks
not to exceed Fifteen Hundred ($1500.00) Dol-
lars per annum each."

It is to be noted that Article 3902, supra, which
is a later enactment of the Legislature, does not expressly
repeal Article 331, supra; however the two statutes under
consideration herein, are in pari materia, and their provi-
sions in such respect cannot be reconciled. In such cir-
cumstances, "the older statute will be held to be repealed
by implication to the extent of the conflict* * *. It is
presumed that the Legislature intended to repeal all laws
and parts of laws clearly inconsistent with its later Acts."
39 Texas Juris. p. 145, sec. 77.

In this connection we quote from the case of Meek
v. Wheeler County, 125 S. W. (2d) 331, as follows:

"In the case of Bryan v. Sundberg, 5 Tex.
418, 424, the Supreme Court of this State
announced the rule which, we think, is decisive
of the issue before us. Such rule is in the

Honorable Earl B. Stimson, Page 5

following language: 'It undoubtedly is true
that a construction which repeals former
statutes, by implication, is not to be fa-
vored; and it is also true that statutes in
pari materia, and related to the same subject,
are to be taken and construed together; be-
cause it is to be inferred that they had one
object in view, and were intended to be con-
sidered as constituting one entire, and har-
monious system. But when the new statute,
in itself, comprehends the entire subject,
and creates a new, entire, and independent
system, respecting that subject matter, it
is universally held to repeal and supercede
all previous systems and laws respecting the
subject matter.'"

We think that Article 3902, supra, is controlling
in the appointment of assistant county attorneys, and limits
their compensation as stated therein. Said Article specif-
ically provides that the maximum compensation that can be
allowed a first assistant or a deputy in counties having a
population of less than twenty-five thousand inhabitants
"shall not exceed Eighteen Hundred Dollars ($1800.00) per
annum." The maximum compensation provided for other deputies,
assistants and clerks shall not exceed Fifteen Hundred Dol-
lars ($1500.00) per annum.

As above indicated, Rockwall County has a popula-
tion of under twenty-five thousand inhabitants; therefore
the maximum compensation that could be allowed the first
assistant county attorney would be eighteen hundred dollars
($1800.00) per annum. Said assistant served as the assist-
ant county attorney for only one month and could not be
entitled to more than $150.00 as compensation for his serv-
ices. The county attorney is entitled to deduct the salaries
of his assistants and deputies and authorized expenses under
Article 3899, and the amount necessary to cover cost of pre-
mium on whatever surety bond may be required by law under
Article 3891, supra.

In view of the foregoing authorities, you are respect-
fully advised that it is the opinion of this department that
the county attorney can legally deduct the sum of One Hundred

Honorable Earl B. Stimson, Page 6

and Fifty ($150.00) Dollars paid the assistant county attorney in arriving at his maximum compensation allowed by Articles 3883 and 3891, supra.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:RS

APPROVEDMAR 26, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN